### COMMONWEALTH *v.* J. M. FERRELL.

[Abstract Kentucky Law Reporter, Vol. 3—693.]

**Criminal Law—Bigamy.**

It is the second marriage of one, at the time having a husband or wife living from which he or she has not been divorced, that constitutes bigamy; and where a man having a wife in this state elopes to Indiana with another woman and there marries her, he can not be punished in this state, for the offense is committed in Indiana, where the second marriage occurs.

### APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

March 25, 1882.

OPINION BY JUDGE LEWIS:

The offense for which the defendant in this case was indicted is bigamy, and the particular circumstances of the offense as set forth in the indictment are that, having at the time a wife living to whom he was lawfully married in this state, the defendant eloped with another woman, a resident of this state, and married her in the state of Indiana, the marriage contract having been primarily made in the state, and that they immediately

returned to this state and have since lived here and cohabited together as man and wife.

The crime of bigamy is denounced and made punishable by Gen. Stat. (1881), Ch. 29, Art. 4, § 10, which is as follows: "Whoever being married, the first husband or wife, as the case may be, being alive, shall marry any person, shall be confined in the penitentiary not less than three nor more than nine years."

When the second marriage, which alone constitutes the offense, is a fact done without this commonwealth, though inquirable here for some purposes, like all other transitory acts, it is not by the rule of the common law cognizable as a crime, except within the jurisdiction where it took place. As in our opinion this rule of the common law has not been changed by the section of the General Statutes referred to, it follows that the court below had no jurisdiction of the offense charged in the indictment and the demurrer was properly sustained.

Judgment *affirmed.*

*P. W. Hardin,* for appellant.